UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

Waco Division

| | |
|---|---|
| BEL POWER SOLUTIONS INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MONOLITHIC POWER SYSTEMS, INC., <br><br> *Defendant*. | Civil Action No. 6:21-cv-00655-ADA <br><br> JURY TRIAL DEMANDED |

## DISCOVERY DISPUTE ORDER

The Court hereby resolves the following discovery dispute submitted to the Court by email.

**MPS's Position:**

Bel alleges that it owns the asserted patents. According to public records, however, a different entity conveyed security interests in the asserted patents after they were allegedly assigned to Bel. This is evidence that Bel does not own the patents. *See Optimal Golf Solutions, Inc. v. Altex Corp.*, No. 3:09-CV-1403-K, 2015 WL 93434, at *6 (N.D. Tex. Jan. 7, 2015) (finding it unclear whether the assignment to the plaintiff was valid and whether the plaintiff held all substantial rights and interest in the asserted patent, where a non-party granted a security interest in the asserted patent). Despite this, Bel has refused to respond to interrogatories and document requests that call for information about Bel's alleged ownership.

MPS's document requests called for documents concerning (1) Bel Power's acquisition of the asserted patents, and (2) all previous transfers of ownership of any right, title, or interest in the

asserted patents.  Bel refused to produce responsive documents, asserting that it could not understand the metes and bounds of "documents concerning."  MPS then compromised by proposing narrower initial document requests, to which Bel still has not responded after weeks.

MPS' interrogatories requested that Bel describe the facts and circumstances concerning Bel's acquisition of the asserted patents, including the date and persons involved in Bel's acquisition and the amount Bel paid for acquiring the asserted patents (Interrogatory No. 8); and all previous transfers of ownership of any right, title, or interest in the asserted patents, including identifying the date and terms of such transfer and identifying all agreements affecting each transfer (Interrogatory No. 10).  Bel objected that the interrogatories are irrelevant and burdensome.

It has been two months since MPS's initial requests and a month since the parties' first meet-and-confer on this issue.  Yet Bel still has not provided *any* documents regarding the acquisition or ownership of the asserted patents, nor has it provided *any* substantive response to MPS's corresponding interrogatory.  Bel's failure to respond is not excused just because its "investigation [] is ongoing."  *Directv, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (2004) ("Plaintiff's objection that 'discovery is ongoing' is not a valid objection" for refusing to answer an interrogatory based on currently available information.).  Furthermore, Bel should have completed an investigation into ownership of the asserted patents prior to filing the lawsuit, not months after being served discovery requests.

MPS's requests seek relevant information that Bel must have, and information that Bel was obligated to confirm before filing this lawsuit.  Therefore, MPS requests that the Court order Bel to produce information regarding the ownership and acquisition of the asserted patents as MPS has requested.

**Requested Relief:**

For the reasons stated above, MPS requests that the Court order Bel to:

(1) produce, by August 26, 2022, all written communications, executed agreements, and draft agreements concerning Bel's acquisition of the Asserted Patents;

(2) produce, by August 26, 2022, all written communications, executed agreements, and draft agreements concerning all previous transfers of ownership of any right, title, or interest in the Asserted Patents (excluding rights under a license to practice the inventions claimed in the Asserted Patents);

(3) describe in detail, by August 26, 2022, the facts and circumstances concerning Bel's acquisition of the Asserted Patents in 2014, including but not limited to the date of and persons involved in Bel's acquisition and the amount Bel paid for acquiring the Asserted Patents; and

(4) identify, by August 26, 2022, all previous transfers of ownership of any right, title, or interest in the Asserted Patents (excluding rights under a license to practice the inventions claimed in the Asserted Patents), including identifying the date and terms of such transfer and identifying all agreements affecting each transfer.

**Bel Power's Position:**

As MPS is already aware, Bel previously recorded an assignment with the USPTO establishing its ownership of each of the Asserted Patents, which is publicly available. The Federal Circuit has made clear, the act of recording an assignment with the USPTO creates a rebuttable presumption that the assignment is valid. *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328 (Fed. Cir. 2010). Moreover, the "different entity" that conveyed a security interest referenced by MPS is Bel Fuse, Inc. – an affiliate of the plaintiff, Bel Power Solutions, Inc. *See* Complaint

(Dkt. 1) ¶ 1 ("Bel Power is a wholly owned subsidiary of Bel Fuse Inc."). Thus, the cases cited by MPS are inapposite.

Bel disagrees with MPS's characterization that the parties are at an impasse. The discovery requested by MPS was specifically discussed by the parties over the course of several meet and confers. As communicated to MPS in those meetings, Bel's investigation into these issues is ongoing. For example, Bel is continuing to search for non-email external communications with non-affiliate third-parties regarding Bel's acquisition of the Patents-in-Suit, draft agreements exchanged with non-affiliate third-parties, and the final agreement and accompanying exhibits. To the extent these documents exist or can be located after a reasonable search, Bel will produce them, subject to any applicable privileges. Bel further agreed to produce these documents by August 26 or as soon as practically possible thereafter, including supplementing the corresponding interrogatories in accordance with the Federal Rules.

To the extent MPS is requesting more discovery than the information identified above that Bel has already agreed to search for and produce, such requests are overbroad, unduly burdensome and not proportional to the needs of this case. For example, MPS's discovery requests implicate e-mail production, yet MPS has neither established a showing of good cause nor proposed a procedure identifying custodians and search terms it believes Bel should search as required by the OGP. *See* OGP 4.1 at 3.

**Requested Relief:**

Accordingly, MPS's requested relief should be denied *in toto*. In the alternative, the Court should order Bel to:

1. By August 26, 2022, conclude its searching efforts for the following documents:

- non-email external communications with non-affiliate third-parties regarding Bel's acquisition of the Patents-in-Suit;

- draft agreements exchanged with non-affiliate third-parties; and

- final agreements and accompanying exhibits.

2. Produce any non-privileged documents identified in the above search as soon as practically possible after August 26, 2022; and

3. Provide supplemental responses to MPS's Interrogatory Nos. 8 and 10 no later than September 2, 2022.

## Decision

Patent assignment information is relevant and should generally be produced by a plaintiff early in a patent case. The requested scope of discovery appears reasonable to the Court. Thus, the Court adopts MPS's proposal, except that MPS need not produce privileged documents or emails.

The Court **ORDERS** Bel to:

(1) produce, by August 26, 2022, all written communications, executed agreements, and draft agreements concerning Bel's acquisition of the Asserted Patents, with the exception of privileged communications and emails;

(2) produce, by August 26, 2022, all written communications, executed agreements, and draft agreements concerning all previous transfers of ownership of any right, title, or interest in the Asserted Patents (excluding rights under a license to practice the inventions claimed in the Asserted Patents), with the exception of privileged communications and emails;

(3)   describe in detail, by August 26, 2022, the facts and circumstances concerning Bel's acquisition of the Asserted Patents in 2014, including but not limited to the date of and persons involved in Bel's acquisition and the amount Bel paid for acquiring the Asserted Patents; and

(4)   identify, by August 26, 2022, all previous transfers of ownership of any right, title, or interest in the Asserted Patents (excluding rights under a license to practice the inventions claimed in the Asserted Patents), including identifying the date and terms of such transfer and identifying all agreements affecting each transfer.

SIGNED this 19th day of August, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE