UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Waco Division

| | |
|---|---|
| BEL POWER SOLUTIONS INC., *Plaintiff*, v. MONOLITHIC POWER SYSTEMS, INC., *Defendant*. | Civil Action No. 6:21-cv-00655-ADA<br><br>JURY TRIAL DEMANDED |

### DISCOVERY DISPUTE ORDER

Before the Court are the matters raised during the September 13, 2022, discovery hearing with Plaintiff Bel Power Solutions Inc. ("Bel Power") and Defendant Monolithic Power Systems, Inc. ("MPS") regarding email discovery for Katherine Hoang, MPS's Director of Product Marketing.

**Bel's Position**:

Good cause exists to conduct the limited search of Ms. Hoang's emails proposed below. Under a Rule 26 analysis, good cause may be shown through "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998). Good cause for email is shown where the custodian has personal knowledge of relevant activity through her email. *See Entergy Gulf States La., LLC v. La. Generating, LLC*, No. 3:14-cv-00385, 2021 WL 24686, at *4 (M.D. La. Jan. 4, 2021) (granting email searches of executive with personal knowledge of facts); *Maint. Eng'rs, Inc. v. G*

*2-V Enters.*, No. 3:15-cv-00024, 2015 WL 13063568, at *6 (W.D. Tex. Oct. 23, 2015) (compelling email discovery). As MPS's Director of Product Marketing, Ms. Hoang has personal knowledge of the Accused Products and MPS's attempts to integrate them into customer products. Bel's proposed email search will provide relevant discovery, with limited burden to MPS, and is necessary because MPS has refused to produce this information from other sources.

Bel's "allegations of indirect and contributory infringement [against MPS] play an important role in this case." (Venue Order, Dkt. No. 61, at 13.) Relevant for induced infringement are the knowledge/instructions that the indirect infringer (here, MPS) give to the direct infringer (here, MPS's OEM customers). The MPS–OEM interactions include email exchanges. Ms. Hoang is the right person to search for them. As the Director of Product Marketing, she "interacts and works with" OEM customers directly. (Venue Order at 8; Hoang Dep. 17:6–19, 10:17–25.) She admitted to having personal knowledge of MPS's design win efforts on power modules. (Hoang Dep. 79:21–80:10.) Given the informal nature of her customer contacts, her emails are likely the only way for Bel to obtain that and other relevant information, including: (i) the identities of OEMs who integrated the Accused Devices into their products as Bel needs the national list to tailor discovery "from these third parties who import these products" (Discovery Order, Dkt. No. 61, at 5); (ii) successful design wins leading directly to sales (Hoang Dep. 93:24–94:4, 90:10–92:13, 95:3–96:3); (iii) testing and customer specifications; (iv) sample delivery (direct infringement by MPS in the U.S.); (v) price quotes (Hoang Dep. 52:20–55:3, 56:8–20); (vi) instructions for using Accused Products; *etc.*

Bel detailed this good cause to MPS in July, along with a proposed targeted search (available upon request). In a meet-and-confer, MPS broadly stated good cause did not exist, without explanation. MPS did not specify any burden/accessibility/cost issue for the proposed

search or suggest an alternative. Bel initiated a discovery dispute, and then MPS argued the search terms were too broad, but did not offer a counter proposal. Bel has narrowed its request again, and any MPS objection to breadth should be disregarded since they have not set forth an alternative. *See KAIST IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-01314, 2017 WL 9937760, at *1–2 (E.D. Tex. Dec. 21, 2017).

**Requested Relief**:

Bel respectfully asks the Court to compel MPS to search and produce Ms. Hoang's email from June 23, 2015 (six years before the complaint) by September 13, 2022, using the following search terms:

1. [Plaintiff name] Bel OR BPS OR "Power-One"
2. [Asserted patents] (Patent) AND (!999 OR !916 OR !125 OR !798 OR !265 OR !617)
3. [Accused devices] mEZDPD1620! OR mEZDPD4506! OR MP2884! OR MP2886! OR MP2888! OR MP2935! OR MP2953! OR MP2965! OR MP2981! OR MP5417! OR MP5413! OR MP5416! OR MP5470! OR MP8796! OR MP8843! OR MP8845! OR MP8854! OR MP8861! OR MP8869! OR MPM3695! OR MPM54304! OR MPM82504! OR MPQ8645! OR MPQ8875! OR MPQ8880! OR MPQ8883! OR MPQ8886!
4. ((design AND (win! OR effort! OR activit! OR engag!)) OR socket!) AND ((power AND (module! OR management)) OR "Power Management Bus" OR PMBus)

**MPS's Position**:

The OGP provides that the Court "will not require general search and production of email . . . , absent a showing of good cause." Bel does not acknowledge the OGP, or attempt to make a showing of good cause. Instead, Bel misleadingly cites four irrelevant cases. The first case

concerns good cause for sequestration of witnesses and has nothing to do with email discovery (*In re Terra Int'l, Inc*.). The second case added a custodian to be searched pursuant to the parties' agreed-upon ESI Protocol (*Entergy Gulf States La., LLC v. La. Generating* at *8). The third case allowed some document requests and denied most others, based only on relevance and without any separate discussion of email (*Maint. Eng'rs, Inc. v. G 2-V Enters.* at *6). The final case *denied* a motion seeking additional email discovery beyond the parties' agreement. (*KAIST IP US LLC v. Samsung Elecs. Co.* at *3.)  None of these cases discuss the OGP or anything similar, and none of them even remotely support Bel's position.

Each of the six categories of information Bel identifies is easily sought through other discovery means. Indeed, Bel already served numerous RFPs and interrogatories that seek the information it says will be found in Ms. Hoang's email. Bel does not explain why an additional burdensome and expensive email search is required. That absence is especially conspicuous in this case, when MPS has already produced sales information showing that any damages Bel might obtain are minimal even if it could show that its infringement claims are meritorious.

Bel insists the only way it can obtain the identity of OEMs is through email discovery. But the record shows that to be false. Bel has had the identity of OEMs for months and referred to them extensively in opposition to MPS's motion to transfer. MPS referred to them, too. The Court's Order Denying Motion to Dismiss or Transfer then specifically discussed the OEMs in detail, by name, in response to the parties' submissions identifying them. (*E.g.*, Dkt. No. 61 at 13, 16).

Further undermining its argument, Bel's broad search requests are not targeted or narrow as Bel insists. There is no connection between the information Bel claims is available only through email and the search terms. Instead, they are the type of general search the OGP discourages. Bel

requests all emails that mention any of the accused products, without any limitations and regardless whether the emails have any relevance to any issue in the case. Similarly, Bel's requests include broad search strings that are guaranteed to return many irrelevant documents, requiring time-consuming and burdensome review. Bel's own position admits the lack of focus of these search requests, describing their "relevance" in six broad categories followed by the even more broad "*etc.*" Bel's untargeted requests are a classic discovery fishing expedition.

**Requested Relief**:

Bel's request for an email search has not met the OGP's standard of showing good cause and should be denied.

## Decision

The Court **GRANTS** Bel Power's requested relief and **ORDERS** MPS to search and produce Ms. Hoang's email from June 23, 2015 (six years before the complaint) within two weeks of the hearing, using the following search terms:

1. Bel OR BPS OR "Power-One"
2. (Patent) AND (!999 OR !916 OR !125 OR !798 OR !265 OR !617)
3. mEZDPD1620! OR mEZDPD4506! OR MP2884! OR MP2886! OR MP2888! OR MP2935! OR MP2953! OR MP2965! OR MP2981! OR MP5417! OR MP5413! OR MP5416! OR MP5470! OR MP8796! OR MP8843! OR MP8845! OR MP8854! OR MP8861! OR MP8869! OR MPM3695! OR MPM54304! OR MPM82504! OR MPQ8645! OR MPQ8875! OR MPQ8880! OR MPQ8883! OR MPQ8886!

4. ((design AND (win! OR effort! OR activit! OR engag!)) OR socket!) AND ((power AND (module! OR management)) OR "Power Management Bus" OR PMBus)

SO ORDERED, this 21st day of September, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE